LAWRENCE J. DREYFUSS, Bar No. 76277
TIMOTHY M. RYAN, Bar No. 178059
DREYFUSS, RYAN & WEIFENBACH
A Professional Law Corporation
1851 E. First Street, Suite 1100
Santa Ana, California 92705
Telephone (714) 972-1144 Fax (714) 972-1218

ORIGINAL FILED

OCT 1 0 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Attorneys for Defendant, WILSHIRE CREDIT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO GONZALES, | Case No. C.03 4592 HRL |
| Plaintiff, | Assigned to:<br>Department: |
| vs. | Date Action Filed: September 3, 2003 |
| OCWEN FINANCIAL SERVICES, INC., OLYMPUS SERVICING, L.P., WILSHIRE CREDIT CORPORATION, and DOES 1-50 inclusive | **NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)** |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant WILSHIRE CREDIT CORPORATION hereby removes to this Court the state court action described below:

1. On September 3, 2003, an action was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled Gregorio Gonzales v. Ocwen Financial Services, Inc., Olympus Servicing, L.P., Wilshire Credit Corporation and Does 1-50, Case Number 103 CV 004614 hereto as Exhibit "A".

NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)

- 1 -

2.  The first date upon which Defendant WILSHIRE CREDIT CORPORATION received a copy of the said complaint was September 10, 2003, when Defendant obtained a copy of the said complaint.

3.  This action is a civil action of which this court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under 15 U.S.C. §1697a through 1692o, known as the Fair Debt Collection Practices Act.

Dated: October 9, 2003

DREYFUSS, RYAN & WEIFENBACH,
a Professional Law Corporation
LAWRENCE J. DREYFUSS
TIMOTHY M. RYAN

By: _____
LAWRENCE J. DREYFUSS
Attorneys for Defendant
WILSHIRE CREDIT CORPORATION

8045-Gonzales / notice of removal

NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)

-2-

EXHIBIT A

```
 1  MARK REDDY (CSB #124895)
    P.O. Box 60477
 2  Palo Alto, CA 94305
    (650) 325-4788 phone and fax
 3
    WILLIAM E. KENNEDY (CSB #158214)
 4  2797 Park Avenue, Suite 201
    Santa Clara, California 95050
 5  (408) 241-1000 telephone
    (408) 241-1500 facsimile
 6
    Attorneys for Plaintiff GREGORIO GONZALEZ
 7
```

FILED Santa Clara Co
09/05/03 1:32 pm
Kiri Torre
Clerk Of Court
By: mariloud d clark
R#200300044833
CK $274.50
       $274.50
Case: 1-03-CV-004614

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

Case No.: 103 CV 004614

GREGORIO GONZALEZ,

    Plaintiff,

vs.

OCWEN FINANCIAL SERVICES, INC., OLYMPUS SERVICING, L.P., WILSHIRE CREDIT CORPORATION and DOES 1-50

    Defendants.

COMPLAINT FOR VIOLATION OF 15 U.S.C. §1681s2-(b)

## PARTIES

1. Plaintiff Gregorio Gonzalez is a consumer under 15 U.S.C. §1681a(c).

2. Plaintiff brings this action pursuant to 15 U.S.C. §1681, specifically §1681s2-(b).

3. Pursuant to §1681p, as a court of "competent jurisdiction," this is a proper court for this action.

4. Defendant OCWEN FINANCIAL SERVICES, INC. ("OCWEN"), whose domicile is in Florida, is a business which reports consumer credit information to credit reporting agencies. Plaintiff is informed and believes that OCWEN provides mortgage services and does

COMPLAINT

1

business with California customers.

5. Defendant OLYMPUS SERVICING, L.P., formerly Caimco Servicing, L.P., ("OLYMPUS"), whose domicile is in Delaware, is a business which reports consumer credit information to credit reporting agencies. Plaintiff is informed and believes that OLYMPUS provides mortgage services and does business with California customers.

6. Defendant WILSHIRE CREDIT CORPORATION ("WILSHIRE"), whose domicile is in Nevada, is a business which reports consumer credit information to credit reporting agencies. Plaintiff is informed and believes that WILSHIRE provides mortgage services and does business with California customers.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-50, and therefore sues these Defendants by such fictitious names. Plaintiff will amend his complaint to state their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the named Defendants is responsible in some manner for the occurrences and damages alleged herein. Plaintiff is further informed and believes and thereon alleges that each of the Defendants was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## FACTUAL ALLEGATIONS

A. OCWEN

8. OCWEN placed erroneous derogatory credit information on plaintiff's credit report, specifically that Plaintiff was delinquent with respect to account #3169....

9. Thereafter, in accordance with 15 U.S.C. §1681i, Plaintiff and his attorney sent a letter dated July 3, 2003 to OCWEN disputing that plaintiff had ever taken out the loan for account #3169.... and had ever been involved with this loan in any way. The letter requested that OCWEN immediately notify all credit reporting agencies to which derogatory information had been provided to delete such information.

10. Despite the July 3, 2003 letter, Experian, and perhaps other credit reporting agencies, continue to report the derogatory credit information with respect to the OCWEN

COMPLAINT

2

account. Experian's July 25, 2003 credit report for Plaintiff states that after investigating the OCWEN account, the account "remains."

11. As a result of the derogatory credit information reported by OCWEN, Plaintiff's credit rating has been damaged, he has been denied credit, and he has suffered emotional distress.

### B. OLYMPUS

12. OLYMPUS placed erroneous derogatory credit information on plaintiff's credit report, specifically that Plaintiff was delinquent with respect to account #1001107803.

13. Thereafter, in accordance with 15 U.S.C. §1681i, Plaintiff and his attorney sent a letter dated July 3, 2003 to OLYMPUS disputing that plaintiff had ever taken out the loan for account #1001107803 and had ever been involved with this loan in any way. The letter requested that OLYMPUS immediately notify all credit reporting agencies to which derogatory information had been provided to delete such information.

14. Despite the July 3, 2003 letter, Experian, Trans Union, and perhaps other credit reporting agencies, continue to report the derogatory credit information with respect to the OLYMPUS account. Experian's July 25, 2003 credit report for Plaintiff states that after investigating the Olympus account, the account "remains." Similarly, Trans Union's July 19, 2003 credit report states that this account has been "verified" after investigation.

15. As a result of the derogatory credit information reported by OLYMPUS, Plaintiff's credit rating has been damaged, he has been denied credit, and he has suffered emotional distress.

### C. WILSHIRE

16. WILSHIRE placed erroneous derogatory credit information on plaintiff's credit report, specifically that Plaintiff was delinquent with respect to account #742793.

17. Thereafter, in accordance with 15 U.S.C. §1681i, Plaintiff and his attorney sent a letter dated July 3, 2003 to WILSHIRE disputing that plaintiff had ever taken out the loan for account #742793 and had ever been involved with this loan in any way. The letter requested that

3

COMPLAINT

1  WILSHIRE immediately notify all credit reporting agencies to which derogatory information had
2  been provided to delete such information.
3      18.   Despite the July 3, 2003 letter, Experian and perhaps other credit reporting
4  agencies continue to report the derogatory credit information with respect to the WILSHIRE
5  account. Experian's July 25, 2003 credit report for Plaintiff states that after investigating the
6  WILSHIRE account, the account "remains." Similarly, Trans Union's July 19, 2003 credit
7  report states that the WILSHIRE account has been "verified" after investigation.
8      19.   As a result of the derogatory credit information reported by WILSHIRE,
9  Plaintiff's credit rating has been damaged, he has been denied credit, and he has suffered
10 emotional distress.

## FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. §1681s-2(b))

13     20.  Plaintiff incorporates all other paragraphs as though fully set forth herein.
14     21.  15 U.S.C. §1681s-2(b) explains the responsibilities of furnishers of credit
15 information after they have been notified by a credit reporting agency that the consumer disputes
16 the credit information provided by the furnisher. Upon receiving notice of a dispute, the
17 furnisher is to conduct an investigation and report the results to the appropriate consumer
18 reporting agencies. The consumer may bring a cause of action against the furnisher if it does not
19 comply with the provisions of §1681s-2(b).
20     22.  Plaintiff communicated his dispute regarding the derogatory credit information to
21 credit reporting agencies as well as to each of the Defendants, OCWEN, OLYMPUS, and
22 WILSHIRE. Thereafter, each of the Defendants, OCWEN, OLYMPUS, and WILSHIRE, falsely
23 notified the credit reporting agencies that the derogatory credit information reported with respect
24 to plaintiff was correct.
25     23.  Plaintiff is informed and believes that the violations of §1681s-2(b) by Defendants
26 OCWEN, OLYMPUS, and WILSHIRE were willful. In the alternative, Plaintiff is informed and
27 believes that the violations of §1681s-2(b) by Defendants OCWEN, OLYMPUS, and WILSHIRE

4

COMPLAINT

1 were negligent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that the Court grant the following remedies:

a. Actual damages for damage to credit record, denial of credit, emotional distress, and other injuries that plaintiff has suffered as a result of Defendants' actions.

b. In lieu of actual damages, statutory damages pursuant to 15 U.S.C. §1681n if the court finds the violations to be willful and these damages are greater than actual damages;

c. Injunctive relief requiring each of the Defendants to remove erroneous derogatory credit information from Plaintiff's credit reports;

d. Punitive damages pursuant to 15 U.S.C. §1681n;

e. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n; and

f. Other and further relief as may be just and proper.

DATED: September 3, 2003

_____
MARK REEDY
WILLIAM E. KENNEDY
Attorneys for Plaintiff GREGORIO GONZALEZ

COMPLAINT

5